Christopher Prysok
5058 Main St
Millersburg, MI 49759
Phone: 231-420-6168
Email: chrisprysok@gmail.com

FILED/REC'D

2023 NOV 27 A 11: 56

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

120 North Henry Street, Room 320
Madison, WI 53701

UNITED STATES OF AMERICA,
Plaintiff,

v.

CHRISTOPHER PRYSOK,
Defendant.

Case No. 3:23-PO-00003-SLC
Hearing Set for 12/05/2023

## DEFENDANT'S MOTION TO DISMISS

### Introduction

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Christopher Prysok, appearing in pro per, respectfully moves this Court for an order dismissing the complaint filed by the United States of America for failure to state a claim upon which relief can be granted.

1

# Arguments

## 1. Misidentification of Business Ownership:

The complaint erroneously attributes involvement in the alleged incident to Mr. Prysok, while it was in fact Mr. Scollon, an independent contractor operating under his own LLC, who entered the park. Notably, Mr. Prysok's role was strictly limited to that of a booking agent for Paddle Ride Adventure, a business entity distinct from the operations conducted by Mr. Scollon. The complaint fails to mention Paddle Ride Adventure, highlighting the lack of direct connection or responsibility of Mr. Prysok in the incident described. Prysok is the sole owner of the SCORP PADDLE RIDE ADVENTURE.

## 2. Unintentional Park Entry and Mistake of Fact:

The evidence in the probable cause statement suggests that Mr. Scollon's entry into the park was inadvertent, indicating a mistake of fact and not a willful violation, aligning with the principles of *Cheek v. United States*, 498 U.S. 192 (1991).

## 3. Lack of Notice and Procedural Due Process:

The absence of clear signage likely contributed to Mr. Scollon's unintentional violation, raising due process issues under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

## 4. Procedural Delays and Impact on Defense:

"The 32-day delay in issuing the citation to Mr. Prysok significantly prejudiced his defense, raising substantial due process concerns in light of established legal precedents. This delay is problematic, particularly since Mr. Scollon, directly involved in the incident, received only a verbal warning with no immediate indication of a citation against the booking agent. Scollon reported only a warning as the result of his interaction. In Doggett v. United States, 505 U.S. 647 (1992), the Supreme Court recognized that prolonged delay can impair the defendant's ability to prepare an effective defense, thereby infringing on the right to a fair trial. Similarly, in United States v. Marion, 404 U.S. 307 (1971), the Court addressed pre-indictment delays, noting that substantial prejudice to the defendant's right to a fair trial due to delay can violate the Fifth Amendment, especially if the delay was intended to gain a tactical advantage. Furthermore, Barker v. Wingo, 407 U.S. 514 (1972) established a four-factor test for determining a violation of the right to a speedy trial, including the length of delay and prejudice to the defendant, both of which are pertinent in Mr. Prysok's case. The protracted delay, unaccompanied by the production of no new evidence, appears unjustified for a petty offense and seems intended to create undue hardship for Mr. Prysok. Additionally, the delay has potentially limited the availability of key witnesses, echoing the concerns about fair and expedient legal proceedings."ere timely and

adequate notice was emphasized as a cornerstone of procedural fairness."

### 5. Challenge Posed by Witness Unavailability and Hearsay Evidence:

The absence of Mr. Scollon severely limits the defense's ability to present firsthand evidence, highlighting issues identified in *Doggett v. United States*, 505 U.S. 647 (1992).

### 6. Independent Contractor Relationship and Vicarious Liability:

Mr. Prysok's relationship with Mr. Scollon as a booking agent does not extend to operational control, thereby limiting vicarious liability under *United States v. Bestfoods*, 524 U.S. 51 (1998), and *Logue v. United States*, 412 U.S. 521 (1973).

## Conclusion

For these reasons, Defendant respectfully requests that this Court dismiss the complaint for failure to state a claim upon which relief can be granted, and consider granting legal fees to the defendant.

Christopher Prysok

In pro per

Date: 11-22-2023